**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ian Neal Ornstein,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Bank of New York Mellon,<br><br>　　　　　Defendant. | No. CV-18-00240-TUC-RM<br><br>**ORDER** |

Pending before the Court is Defendant's Motion to Dismiss for Failure to State a Claim, or In the Alternative, Motion for More Definite Statement (Doc. 10). Also pending is Plaintiff's Motion to Disregard Defendant's Late Reply (Doc. 22), as well as the Plaintiff's Notice to the Court to Take Notice of Numerous False Statements (Doc. 27).[1] The Court will grant the Motion to Dismiss, deny the Motion to Disregard, and decline to impose sanctions on either party.

**I.    Background**

Plaintiff's pro se Complaint brings seven claims[2] against Defendant Bank of New York Mellon asserting that Defendant committed statutory and regulatory violations in addition to causes of action based in contract and tort in its capacity as a lender.[3] (*See*

---

[1] Also pending is Defendant's Motion to Strike Plaintiff's Citation to Unpublished Authority (Doc. 32) and Plaintiff's Motion for Leave to File Notice of Action Relating to the Real Property (Doc. 33), which the Court will address by separate Order.
[2] There are nine sub-headings under the "Causes of Action" section of Plaintiff's Complaint; however headings I and IV make the same allegations and heading IX is actually a prayer for relief. Thus, there are seven distinct claims.
[3] Throughout his Complaint, Plaintiff repeatedly refers to Defendant as an "alleged lender." The significance of this qualification is unclear in light of Plaintiff's claims that

Doc. 1.) In the Complaint, Plaintiff alleges that he executed a $378,750 promissory note ("the Note") in July 2006, which was secured by his home located at 6655 North Donna Beatrix Circle, Tucson, Arizona 85718 ("the Property"). (Doc. 1 at 6; *see also* Doc. 1-1 at 18-21.) He further alleges that beginning in July 2008 some of his loan repayments were returned, mostly without explanation. (*Id.*) Defendant became a trustee on the deed in April 2011. (Doc. 1 at 6.) Plaintiff seeks compensatory and punitive damages and a stay of a writ of restitution. (Doc. 1 at 18.)

## II. Plaintiff's Motion to Disregard & Notice Re: False Statements

Plaintiff asks the Court to disregard Defendant's Reply in support of its Motion to Dismiss because it was untimely filed. (Doc. 22.) Defendant responded to the Motion providing an apology to the Court as well as an explanation as to why the Reply was untimely filed. (Doc. 23 at 2-3.) The Response asks that the Court strike the Motion to Disregard for failure to comply with LRCiv 7.1(a) and seeks a Court order requiring Plaintiff to update his contact information.[4] (*Id.*)

Plaintiff's Notice of Defendant's False Statements lists three instances in which James Ugalde, counsel for Defendant, made statements that Plaintiff asserts constitute perjury and subornation of perjury under 18 U.S.C. §§ 1621 and 1622, respectively. (*See* Doc. 27). Plaintiff requests "that the Court take appropriate action to sanction James Ugalde." (Doc. 27 at 4.) Defendant responded to the Notice asserting that none of Mr. Ugalde's conduct is sanctionable, addressing the particulars of Plaintiff's allegations of perjury, and suggesting that the Court "should consider sanctioning or reprimanding Ornstein." (*See* Doc. 31.)

At this time the Court will deny Plaintiff's Motion to Disregard despite Defendant's untimely Reply, *see* LRCiv 83.6, and will decline to impose any sanctions based on the conduct described in the Motion and Notice. The Court is concerned that the parties have taken to pursuing this litigation in a needlessly contentious manner; going

---

are premised on Defendant being his lender.
[4] The Court will address this request further in Section III, *infra*.

- 2 -

1  forward, the parties are encouraged to file motions only if they have merit *and* if they are for the primary purpose of assisting the Court in justly and expeditiously resolving this lawsuit.

**III. Defendant's Motion to Dismiss**

The seven claims in Plaintiff's Complaint are: (1) three consumer protection-related federal regulatory and statutory violations, (2) breach of contract, (3) violation of A.R.S. § 12-1622(C), (4) violation of a Pima County Superior Court order, (5) "false documents," (6) defamation, and (7) intentional infliction of emotional distress. Defendant seeks to have all of these claims dismissed on the grounds that they fail to state a claim upon which relief may be granted, are insufficiently pled and indefinite, or are unsupported by factual allegations. (Doc. 10 at 1-2); Fed. R. Civ. P. 12(b)(6). Defendant states that Plaintiff has failed to make any allegations entitling him to compensatory damages, let alone punitive damages.[5] (Doc. 10 at 15-16.) Defendant alternatively asks that Plaintiff be required to provide a more definite statement. (Doc. 10 at 1); Fed. R. Civ. P. 12(e).

Plaintiff responds in opposition to the motion and asks that "the Court take judicial notice of Defendant's Numerous False Statements, of which only thirteen [are] addressed in [the] Response." (Doc. 18 at 1.) He claims that these false statements violate 31 U.S.C. § 3730(b). (*Id.*) In addition, Plaintiff asserts that he has not received Defendant's filings at his address on North Beatrix Circle in violation of the Federal Rules;[6] however he also informs the Court that he was required to vacate that property on May 21, 2018. (*Id.* at 3.) Plaintiff has an obligation to file a notice of address change 14 days before the effective date of the change. LRCiv 83.3(d). Thus, the Court will require Plaintiff to file a notice of address change within 7 days of this Order and will decline to address any issues regarding service under Fed. R. Civ. P. 5 until Plaintiff's mailing address is corrected.

---

[5] Defendant was correct in interpreting Section IX as a prayer for relief as it only discusses damages and no separate legal entitlement to the damages. (Doc. 1 at 9); *see* n.1, *supra*.
[6] Defendant is reminded of its obligation to properly serve all written motions. Fed. R. Civ. P. 5.

- 3 -

Generally, Plaintiff contests the assertion that any of his claims have been previously litigated and argues that they are not barred by res judicata and alternatively that "res judicata is rejected when its application would result in manifest injustice."[7] (Doc. 18 at 3-4, 10 (quoting *Tipler v. E.I. DuPont de Mours and Co.*, 443 F.2d 125, 128 (6th Cir. 1971).) He also rejects Defendant's arguments that his various claims are insufficiently pled or vague; he cites to the statutes and regulations upon which he bases his claims in support of this argument. (*Id.* at 5-6.) Plaintiff states that he never defaulted on his loan, so any of Defendant's assertions to the contrary are false. (*Id.* at 6.) He also makes an argument appearing to contest Defendant's right to foreclose on his property. (Doc. 18 at 12.) Finally, Plaintiff repeats comparisons in his Complaint of his case to *Holms v. Wells Fargo Home Mortgage, Inc.*, 514 S.W.3d 590 (Mo. 2017) (en banc). (*Id.* at 15-17.)

Defendant replied in support of its Motion to Dismiss (Doc. 21). Primarily, the Reply argues that Plaintiff's Response to the Motion to Dismiss is nonresponsive and that, as a result, the Court should grant the Motion as uncontested. (*Id.* at 1-3.) Defendant concludes its Reply by asking that the Court dismiss the Complaint with prejudice.

As to Plaintiff's Claim 1, Defendant asserts that the regulations are "inapplicable to Plaintiff, barred by res judicata, and untimely" and for those reasons must be dismissed. (Doc. 10 at 7.) Defendant asserts that 24 C.F.R. § 201.50 does not apply to Plaintiff's loan because the value of the loan was too high to fall within the Department of Housing and Urban Development's ("HUD") purview, and that Plaintiff made no allegation in the Complaint that Defendant was subject to the regulation. (*Id.* at 7-8.) In support of the contention that these claims are barred by res judicata, Defendant points to a 2015 case filed by Plaintiff in the Maricopa County Superior Court (Case No. CV2015-052615) ("Wrongful Foreclosure Case"),[8] which was dismissed because Plaintiff failed to

---

[7] Plaintiff argues at length that Defendant "actively" or "constructively" initiated all previous lawsuits because its violations of the law required Plaintiff to "defend himself[.]"(Doc. 18 at 7.) He also compares, in a wholly disproportionate analogy, the situation between Defendant and himself to that between Nazi Germany and Poland, respectively, in September 1939. (*Id.*)
[8] Defendant attaches the complaint (Doc. 10-6), motion to dismiss (Doc. 10-14), and

obtain an injunction of the trustee's sale as required by A.R.S. § 33-811(C). (*Id.* at 8-9.) In addition, Defendant argues the Wrongful Foreclosure Case addresses why the instant case should be barred under A.R.S. § 33-811(C). (*Id.* at 9.) Finally, Defendant argues that claims under 15 U.S.C. § 1639c(h) and 12 U.S.C. § 2605(e)(2) are barred by three-year statutes of limitations because all of the conduct described in the Complaint necessarily took place before the April 7, 2015 trustee's sale. (*Id.* at 9-10.) In any event, Defendant explains that under Arizona law, lenders do not owe their borrowers a fiduciary duty. (*Id.* at 11.)

Plaintiff responds that Defendant does owe him a fiduciary duty and that the case Defendant cited for the rule that lenders do not owe borrowers a fiduciary duty is not controlling. (Doc. 18 at 9-10 (quoting as contrary law *Silving v. Wells Fargo Bank, NA*, 800 F. Supp. 2d 1055 (D. Ariz. 2011)).

Defendant asserts that Claims 2 and 3 also fail based on res judicata. (Doc. 10 at 10-11.) Both Claims, according to Defendant, are further barred by A.R.S. § 33-811(C) (*Id.* at 11), and Claim 3's reliance on A.R.S. § 12-1622(C) is misplaced because that section is inapplicable to the sale at issue here. (*Id.* at 11.) Specifically, this sale was instead subject to the requirements of A.R.S. § 33-801 *et seq.*, and since Defendant was not a "seller" within the meaning of the statute, it is also inapplicable. (*Id.*)

Defendant argues that the Court must dismiss Claim 4 both because it fails to state a claim upon which relief may be granted and because Plaintiff is currently litigating an action based on the same facts, so the Court should refrain from exercising jurisdiction based on the *Colorado River* abstention doctrine. (Doc. 10 at 13 (citing *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976)).)

As to Plaintiff's Claim 5, Defendant asserts that the one-sentence claim does not satisfy the pleading requirements and therefore must be dismissed. (Doc. 10 at 11-12.) Similarly, Defendant contends, Claim 6 fails to state a claim because it does not satisfy

---

order of dismissal (Doc. 10-7) from the Wrongful Foreclosure Case as exhibits to its Motion.

the pleading requirements of the Federal Rules, nor does it bring any factual allegations as to the elements of an Arizona defamation claim. (*Id.* at 12-13.)

As to Claim 7, Defendant points out that the primary case Plaintiff cites in support of his claim is not binding on this Court. (Doc. 10 at 14.) Further, Plaintiff failed to plead any of the elements of an emotional distress claim. (*Id.*) Defendant additionally argues that Plaintiff cannot claim emotional distress from wrongful foreclosure because foreclosure on the property was not wrongful. (*Id.*; *see* Doc. 10-7.)

### A. Standard of Review on a Motion to Dismiss

A complaint must include a "short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not require in-depth factual allegations, it does require more than "labels[,] conclusions, [or] a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). There must be sufficient "factual content [to] allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Dismissal under Rule 12(b)(6) may be "based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When reviewing a motion to dismiss pursuant to Rule 12(b)(6), a court takes "all factual allegations set forth in the complaint . . . as true and construed in the light most favorable to plaintiffs." *Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir. 2001). However, only well-pleaded facts are given a presumption of truth. *Iqbal*, 556 U.S. at 679. Conclusory allegations—that is, allegations that "simply recite the elements of a cause of action" without supplying underlying facts to support those elements—are not "entitled to the presumption of truth." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

The Court may "consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting [a] motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). "[I]t is proper for the district court to

'take judicial notice of matters of public record outside the pleadings' and consider them for purposes of the motion to dismiss." *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988) (quoting *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986)). Further, the Court is not required to "accept as true allegations that contradict matters properly subject to judicial notice . . . ." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

As the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A *pro se* "complaint 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

If a complaint falls short of meeting the necessary pleading standards, a district court should dismiss with leave to amend unless the deficiencies of a pleading "could not possibly be cured by the allegation of other facts." *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 926 (9th Cir. 2012) ("We have adopted a generous standard for granting leave to amend from a dismissal for failure to state a claim . . . ."). Failing to give leave to amend when a plaintiff could include additional facts to cure a complaint's deficiencies is an abuse of discretion. *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637-38 (9th Cir. 2012).

**B. Discussion**

Because Defendant makes a blanket argument that all Plaintiff's claims fail even under the liberal pleading standards set out for *pro se* pleadings, the Court will begin by analyzing each claim for sufficiency of the pleading before turning to an analysis of Defendant's alternative arguments for dismissal. All of Plaintiff's claims will be dismissed.

**1.  Claim 1 – Breach of Fiduciary Duty by Statutory Violations**

Plaintiff claims that Defendant breached a fiduciary duty by committing violations of one HUD regulation and two other consumer protection statutes.

a. <u>Violation of 24 CFR § 201.50</u>.

Plaintiff claims that Defendant returned Plaintiff's loan payments without explanation, failed to send a default notice by certified mail, did not provide the necessary documentation of its attempt to cure the default, and failed to send Plaintiff reinstatement letters. (Doc. 1 at 3, 10.)

Title 24 of the Code of Federal Regulations is a collection of regulations propagated by the Department of Housing and Urban Development to effectuate the Civil Rights Act of 1964. 24 C.F.R. § 1.1. As relevant to Plaintiff's claim, the Secretary of Housing and Urban Development may provide insurance on loans "for the alteration, repair or improvement of the property, for the purchase of a manufactured home and/or the lot on which to place such home, for the purchase and installation of fire safety equipment in existing health care facilities, and for the preservation of historic structures." 24 C.F.R. § 201.1. Plaintiff has made no allegations regarding the applicability of the HUD regulations to his loan,[9] and even taking all facts in the complaint as true, the allegations are insufficient for the Court to reasonably infer that 24 C.F.R. § 201 is applicable. As such, the Court will dismiss this claim without prejudice.

b. <u>Violation of 15 U.S.C. § 1639c(h)</u>.

Plaintiff claims that Defendant did not provide Plaintiff with a partial payment policy as required by the statute. (Doc. 1 at 4, 11.) The statute requires a creditor to disclose, either at the time of settlement or when the creditor purchases the loan, the creditor's policy regarding acceptance and application to the mortgage of any partial payments. 15 U.S.C. § 1639c(h). Section 1640 grants a private right of action for violations of section 1639c, but imposes a three-year statute of limitations. 15 U.S.C. § 1640(e).

Although Plaintiff brings no specific factual allegations regarding when Defendant should have but failed to provide him a partial payment policy, his Complaint alleges that Defendant became trustee on the loan in April 2011. As such, any obligation of

---

[9] Title 24, Part 201, Subpart C of the Code of Federal Regulations governs eligibility for the type of HUD loans subject to this regulation.

Defendant's to provide Plaintiff a partial payment policy, and Plaintiff's right to bring a lawsuit based on the omission, began to accrue at the latest in April 2011, so the statute of limitations for an action under section 1639c expired at least in 2014. Plaintiff's claim is barred and must be dismissed with prejudice.

### c. Violation of 12 U.S.C. § 2605(e)(2).

Plaintiff claims that Defendant refused to "complete and return" qualified written requests. (Doc. 1 at 4.) He references Exhibit A (Doc. 1-1 at 1-2) in support of this claim. Exhibit A is a letter from an attorney to Plaintiff, dated October 7, 2014, in which the attorney describes letters Plaintiff sent as "legally without merit" and insists that the "letters will not serve to delay or hinder the completion of the sale[.]" (*Id.* at 2.)

Section 2605(e)(2) governs the conduct of loan *servicers* with respect to inquiries from borrowers. 12 U.S.C. § 2605(e)(2). Nowhere in his Complaint does Plaintiff allege that Defendant is the servicer of his loan. He makes no factual allegations regarding the requests that he sent to Defendant or whether they satisfy the requirements of section 2605(e)(1)(B) such that Defendant's obligation under the statute is triggered. Finally, he makes no specific claim for actual damages he suffered as a result of the alleged statutory violation as required by section 2605(f)(1). Plaintiff has failed to state a claim for a violation of 12 U.S.C. § 2605(e)(2).

Additionally, because allegations elsewhere in the Complaint and documents attached to the Complaint make it clear that Defendant was not the servicer of Plaintiff's loan (*see* Doc. 1-1 at 23 (a letter from Select Servicing, Inc. requiring payment of the loan)), Plaintiff will be unable to properly allege facts to state a claim against Defendant based on section 2605(e)(2). Thus, this claim will be dismissed with prejudice.

### 2. Claim 2 – Breach of Contract

Plaintiff claims that Defendant breached the terms of the note when it failed to deliver or mail notices to his home address as recorded on the Note (Doc. 1 at 9). In support of this claim he references the Note, which does by its terms require notices to be mailed or delivered to Plaintiff's home. Plaintiff's threadbare allegation, however, alleges

nothing else. He does not indicate what notices he should have received, when he should have received those notices, or what damages resulted from the omission. This is insufficient to sustain a claim. The Court will dismiss the claim without prejudice.

### 3. Claim 3 – Violation of A.R.S. § 12-1622(C)

Plaintiff claims that Defendant was an "interested party" as both purchaser and seller at the Trustee auction sale in violation of A.R.S. § 12-1622(C) and in so doing breached its covenant of good faith and fair dealing. (Doc. 1 at 4, 9.) Section 12-1622 governs sales of Arizona property under execution; it prohibits persons making sales to become purchasers, or interested in such sales. A.R.S. § 12-1622(C). The sale that took place on the property, as clear by the Deed Upon Trustee's Sale,[10] submitted as Exhibit D to Defendant's Motion to Dismiss (Doc. 10-4), is not a sale under execution but rather a sale of a deed of trust. In any event, the Deed Upon Trustee's Sale clearly indicates that the seller at the public auction on the Property, i.e. trustee, was David W. Cowles. (Doc. 10-4 at 2.) Defendant is named as the purchaser, i.e. grantee, for being the highest bidder at the sale. (*Id.* at 3.) Because Plaintiff will be unable to properly state a claim under A.R.S. § 12-1622(C) without alleging facts that contradict the public record, this claim will be dismissed with prejudice.

### 4. Claim 4 – Violation of Pima County Superior Court Order

Plaintiff claims Defendant violated a Pima County Superior Court order (Case No. C20153644) (attached at Exhibit D (Doc. 1-1 at 14-16)) when it instructed Realty One[11] to "trespass and affix signs, including written threats of imminent eviction" in December 2016 (Doc. 1 at 5). Plaintiff additionally includes an email he received from Realty One (Doc. 1-1 at 12), which he claims is evidence that Defendant so instructed Realty One. The relevant portion of the letter reads:

> I work with Phoenix Asset Management working on behalf of the Bank of NY Mellon. I do not post eviction notices the attorney would be the one to do that. My posted letter is to open a dialog and make sure you are aware of

---

[10] As it is part of the public record, the Court can properly take judicial notice of the document. *Mir*, 844 F.2d at 649.
[11] Realty One was not named as a defendant in this action.

both what is going on and how to contact me.

(*Id.*)

The Pima County Superior Court, in which Defendant was the plaintiff bank, and Plaintiff was the defendant, had previously granted judgment in favor of the plaintiff bank and ordered execution of a writ of restitution on the Property. (Doc. 1-1 at 14.) The court order, which forms the basis of Plaintiff's claim, stays execution of the writ of restitution pending appeal and sets an amount for a bond based on testimony regarding the rental value of the Property. (*Id.* at 14-16.) The superior court's stay was lifted in May 18, 2018 because Plaintiff had exhausted his appeals. (Doc. 10-11 at 2.)

The district courts of the United States are courts of limited jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 552 (2005). Federal district courts may not hear "de facto appeals from state-court judgments: If claims raised in [a] federal court action are 'inextricably intertwined' with [a] state court's decision . . . then the federal complaint must be dismissed for lack of subject matter jurisdiction." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003) (citing *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 483 (1983)). Put differently, "[i]f the injury alleged resulted from the state court judgment itself" then the federal district court lacks subject-matter jurisdiction over that claim. *Id.* at 901.

Plaintiff is effectively asking this Court to review the state court's decision to lift the stay and to review the scope of the stay that was imposed. This Court lacks subject matter jurisdiction to conduct that review.[12] The claim must be dismissed with prejudice.

### 5. Claims 5 & 6 – False Documents & Defamation

Plaintiff states that Defendant "falsely claimed that Plaintiff was in default" and reported false information to Credit Reporting Bureaus, which had a detrimental effect on Plaintiff's credit scores. (Doc. 1 at 11.) The Court is unclear as to what cognizable legal theory Plaintiff relies on in the "False Documents" claim. To the extent Plaintiff is

---

[12] To the extent Plaintiff seeks review of the state-court decisions in any of his other claims, the Court also lacks subject matter jurisdiction over those claims and must dismiss them with prejudice.

alleging false recordation of documents under A.R.S. § 33-420, he has failed to allege what document was falsely recorded, his standing to challenge the recordation, or that Defendant knew the recorded document was "forged, groundless, contains a material misstatement or false claim or is otherwise invalid[.]" A.R.S § 33-420. This claim will be dismissed without prejudice.

Defamation requires a showing that the alleged defamer who publishes a false statement "(a) knows that the statement is false and it defames the other, (b) acts in reckless disregard of these matters, or (c) acts negligently in failing to ascertain them." *Dube v. Likins*, 167 P.3d 93, 104 (Ariz. Ct. App. 2007). Plaintiff's claim does not include any allegations regarding when or to whom Defendant falsely claimed that Plaintiff was in default, nor does he allege Defendant either knew it was false and defamatory, or acted negligently or in reckless disregard of these facts. Further, Plaintiff's allegations that he was not in default and that foreclosure on his home was wrongful are not just unsupported by the record, but are flatly contradicted by it. (*See e.g.* Doc. 10-9 at 2-3 (Pima County Superior Court minute entry and order finding that Bank of New York Mellon is entitled to possession of the property).) Accordingly, the Court will dismiss these claims with prejudice.

### 6. Claim 7 – Intentional Infliction of Emotional Distress

The crux of Plaintiff's argument as to the intentional infliction of emotional distress ("IIED") claim is that his experience "bears substantial similarity" to that described in *Holm v. Wells Fargo Home Mortgage, Inc.*, 514 S.W.3d 590 (Mo. 2017) (en banc), a Missouri Supreme Court case. (Doc. 1 at 4, 12-18; Doc. 1-1 at 4-10.) He states that he received a "Pay-off Statement" requiring payment of his entire loan amount (Doc. 1 at 13). The statement addressed to Plaintiff from Select Servicing, Inc. requiring payment of $542,202.13 is at Exhibit F (Doc. 1-1 at 23); he attaches further bank statements at Exhibit G (Doc. 1-1 at 25-29). Plaintiff claims that between July 2008 and April 2017 he frequently received treatment for stress, anxiety, panic attacks, and high blood pressure. (Doc. 1 at 14-15.)

The elements of intentional infliction of emotional distress are: "*first*, the conduct by the defendant must be 'extreme' and 'outrageous'; *second*, the defendant must either intend to cause emotional distress or recklessly disregard the near certainty that such distress will result from his conduct; and *third*, severe emotional distress must indeed occur as a result of defendant's conduct." *Ford v. Revlon, Inc.*, 734 P.2d 580, 585 (Ariz. 1987) (en banc) (emphasis in original). Liberally construed, Plaintiff has only alleged facts in support of the third element of an intentional infliction of emotional distress claim. Thus, his claim fails to satisfy the pleading standards.

Additionally, because the record could not support a claim that the request for payments was improper, or that foreclosure was wrongful (*see e.g.*, Doc. 10-9 at 2-3) Plaintiff will be unable to properly allege facts in support of this claim. The Court will dismiss the claim with prejudice.

### C. Leave to Amend Claims 1a, 2, and 5

All of Plaintiff's claims will be dismissed. Plaintiff will be given 30 days to file a First Amended Complaint attempting to correct the deficiencies of only those claims dismissed *without* prejudice. The claims that will be dismissed without prejudice, and for which Plaintiff is granted leave to file an amended complaint are Claims 1a, 2, and 5.[13]

Plaintiff is cautioned that a first amended complaint supersedes the original Complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat the original Complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action that was raised in the original Complaint is waived if it is not alleged in a first amended complaint. *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

**IT IS HEREBY ORDERED** as follows:

1. Plaintiff's Motion to Disregard (Doc. 22) is **denied**.

---

[13] The general deadline for amending pleadings under the Court's Scheduling Order was September 3, 2018 (Doc. 30 at 2.) Thus, Plaintiff will not be granted leave to add or amend any other claims.

2. Plaintiff shall, within **7 days** of this Order, file a Notice of Change of Address as required by LRCiv 83.3(d).
3. Defendant's Motion to Dismiss for Failure to State a Claim, or In the Alternative, Motion for More Definite Statement (Doc. 10) is **granted**. Plaintiff's Compliant (Doc. 1) is dismissed, with prejudice in part, as follows:
    a. Claim 1a (violation of 24 CFR 201.50) is **dismissed without prejudice**.
    b. Claim 1b (violation of 15 U.S.C. § 1639c(h)) is **dismissed with prejudice**.
    c. Claim 1c (violation of 12 U.S.C. § 2605(e)(2)) is **dismissed with prejudice**.
    d. Claim 2 (breach of contract) is **dismissed without prejudice**.
    e. Claim 3 (violation of A.R.S. § 12-1622(C)) is **dismissed with prejudice**.
    f. Claim 4 (violation of Pima County Superior Court order) is **dismissed with prejudice**.
    g. Claim 5 (false documents) is **dismissed without prejudice**.
    h. Claim 6 (defamation) is **dismissed with prejudice**.
    i. Claim 7 (IIED) is **dismissed with prejudice**.
4. Plaintiff shall have **30 days** to file a First Amended Complaint in which he may seek to cure the deficiencies of Claims 1a, 2, and 5 as outlined above.

Dated this 25th day of September, 2018.

_____
Honorable Rosemary Márquez
United States District Judge