**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ian Neal Ornstein, | No. CV-18-00240-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| Bank of New York Mellon, | |
| Defendant. | |

Pending before the Court is Defendant's Motion for Attorney's Fees and Costs (Doc. 52). On February 27, 2019, the Court dismissed Plaintiff's First Amended Complaint in its entirety, with prejudice. (Doc. 49.) Judgment in Defendant's favor was entered the following day.[1] (Doc. 50.) Defendant now seeks Attorney's Fees and Costs pursuant to the terms of the loan and Arizona Revised Statutes §§ 12-341 and 12-341.01. Defendant did not file a response in opposition to the Motion, and the time for doing so has expired. The Court will grant the Motion in part.

**I.     Entitlement to Attorney's Fees and Costs**

Defendant asserts two bases for its entitlement to Attorney's Fees and Costs. (*See* Doc. 52 at 1.) The first is based upon the Note, which Plaintiff attached as an exhibit to his Complaint. (*See* Doc. 1-1 at 17-21.) The clause Defendant relies on to recover attorney's fees reads:

---

[1] Following entry of judgment, Plaintiff brought a Notice of Appeal of the Court's Order dismissing his case and the Clerk's judgment against him. (Doc. 51.) That appeal is now pending before the Ninth Circuit Court of Appeals. (Doc. 56.)

> (E) Payment of Note Holder's Costs and Expenses
> If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. These expenses include, for example, reasonable attorneys' fees.

(Doc. 1-1 at 20.) Defendant has not explicitly asserted that defending this lawsuit constituted "enforcing this Note" per the attorney's fees clause of the loan document. Indeed, Defendant previously informed the Court that the real property that secured the note was sold at a trustee's sale in 2015. (*See* Doc. 52 at 2.) In any event, because the Court finds that Defendant is entitled to costs and attorney's fees under Arizona law, see discussion, *infra*, the Court need not decide whether defending this lawsuit is "enforcing the Note[.]"

Section 12-341 requires a court to award costs to a successful party in a civil action. Ariz. Rev. Stat. § 12-341. Section 12-341.01 permits a court to award attorney's fees to a successful party in any contested action arising out of a contract. Ariz. Rev. Stat. § 12-341.01(A). "Although the award of costs is mandatory, the trial court has discretion to determine which party was successful. Arizona courts apply the same principles to determine the successful party in both the attorney fees and costs contexts." *Tucson Estates Prop. Owners Ass'n, Inc. v. McGovern*, 366 P.3d 111, 116 (Ariz. App. 2016) (internal citation omitted). An action arises out of contract when "the duty breached is created by the contractual relationship, and would not exist but for the contract." *Assyia v. State Farm Mut. Auto. Ins. Co.*, 273 P.3d 668, 672 (Ariz. App. 2012) (internal quotations omitted). All of Plaintiff's claims in the FAC "would not exist but for the contract[,]"[2] and as to all of them judgment was entered in Defendant's favor. (*See* Doc. 50.) Thus, Defendant is entitled to costs[3] and reasonable attorney's fees.

---

[2] Claim 1a was based upon a federal statute regulating borrow-lender relationships on certain mortgage contracts; Claim 2 was explicitly based on the loan documents, in that it alleged the loan documents were "contracts of adhesion," among other allegations; Claim 5 sought documentation of transfer of ownership of the right to enforce the loan contract.
[3] Although Defendant titles his Motion as seeking costs, the Motion makes no reference to costs incurred, and the Bill of Costs (Doc. 53) indicates that Defendants did not incur any taxable costs in this matter. As such, the Court will only address the requested

## II. Calculation of Reasonable Attorney's Fees

Having determined that Defendant is entitled to an attorney's fee award, the Court must determine the amount of the award to be granted. *See Schweiger v. China Doll Rest., Inc.*, 673 P.2d 927, 931 (Ariz. App. 1983) ("payment of an attorney's fee must be reasonable and bear a direct relation to the amount involved, and the quality, kind[,] and extent of service rendered" (internal quotation marks omitted)). In total, Defendant seeks $37,847.50 in fees for work done by attorneys and paralegals in defending against Plaintiff's claims. (Doc. 52 at 5.)

In support of its Motion, Defendant submits an affidavit by attorney James Ugalde (Doc. 52-1 at 1-5), in which Mr. Ugalde explains that he is a partner at Quarles & Brady LLP and is lead counsel for Defendant. (*Id.* at 2.) Mr. Ugalde's billing rates during Defendant's representation were $415.00 and $435.00 per hour. (*Id.*) The following attorneys and paralegals also worked on this matter, and their work was billed to Defendants: S. Klundt at $475.00 per hour; M. Kjartanson at $270.00 per hour; K. Webster at $210.00 and $215.00 per hour; and S. Aytch at $240.00.[4] (*Id.* at 3.) At Exhibit A (Doc. 52-1 at 7) to the affidavit is an itemized statement of tasks performed, with the corresponding hours billed for that task and the name of the attorney or paralegal who performed the task. (*See* Doc. 52-1 at 9-14.) The entries are dated and listed in chronological order. (*See id.*) Mr. Uglade avers that these hourly rates are "comparable to the rates charged by lawyers of comparable experience at comparable law firms." (*Id.* at 4.) He additionally affirms that the total sum of requested attorney's fees is reasonable. (*Id.*) Lastly, Defendant attaches a Statement of Consultation, in compliance with LRCiv 54.2(d)(1). (Doc. 54.)

The reasonableness of an award of attorney's fees is determined using the "lodestar method," in which a court first determines the lodestar figure (the number of

---

attorney's fees and deny the Motion as to any request for costs.
[4] In addition to their respective rates, the affidavit provides information about each person's educational background and their respective role in this case. (*See* Doc. 52-1 at 3.)

hours reasonably expended multiplied by a reasonable hourly rate) and then assesses whether an enhancement or reduction of that figure is appropriate based upon a number of factors. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). In determining what constitutes a reasonable hourly rate, the Court must look to the prevailing market rates in the relevant community "for similar work performed by attorneys of comparable skill, experience, and reputation." *Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 908 (9th Cir. 1995). The party seeking the award bears the burden of producing "satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008). The Local Rules place additional requirements on the format and content of applications for attorney's fees. *See* LRCiv 54.2. Task-based itemizations must describe the services rendered sufficiently for the court to assess the reasonableness of the charge, and the court may reduce for any inadequate descriptions.[5] LRCiv 54.2(e)(2).

The lodestar factors to be considered in determining the reasonableness of an attorney's fee award have been incorporated into Local Rule of Civil Procedure 54.2(c)(3), *see Maricopa Cnty. v. Office Depot, Inc.*, No. 2:14-cv-1372-HRH, 2017 WL 1957882, at *4-5 (D. Ariz. May 11, 2017), *vacated on other grounds by County of Maricopa v. Office Depot, Inc.*, __ Fed. App'x. __, 2018 WL 6584261 (9th Cir. 2018). The non-exhaustive list outlined in the local rules are the factors to be discussed by the party requesting an award, and by implication, to be considered by the Court in assessing the reasonableness of an award.

. . . .

. . . .

---

[5] The local rules set out the format and substance with which to adequately describe tasks, with particular requirements for (A) telephone conferences, (B) legal research, (C) preparation of pleadings and other papers, and (D) travel time. LRCiv 54.2(e)(2). In addition, if an inadequately described or otherwise unreasonable entry is blocked-billed with an acceptable entry, the Court may deduct the entire entry. *Med. Protective Co. v. Pang*, 25 F. Supp. 3d 1232, 1247 (D. Ariz. 2014) (eliminating all unreasonable, block-billed entries).

The factors are as follows:

> (A) The time and labor required of counsel;
> (B) The novelty and difficulty of the questions presented;
> (C) The skill requisite to perform the legal service properly;
> (D) The preclusion of other employment by counsel because of acceptance of the action;
> (E) The customary fee charged in matters of the type involved;
> (F) Whether the fee contracted between the attorney and the client is fixed or contingent;
> (G) Any time limitations imposed by the client or the circumstances;
> (H) The amount of money, or the value of the rights, involved, and the results obtained;
> (I) The experience, reputation, and ability of counsel;
> (J) The "undesirability" of the case;
> (K) The nature and length of the professional relationship between the attorney and the client;
> (L) Awards in similar actions; and
> (M) Any other matters deemed appropriate under the circumstances.

LRCiv 54.2(c)(3).

The Court finds that the requested hourly rates are reasonable and comparable to that charged by attorneys of similar experience within the relevant community. With regard to the number of hours expended, the Court has reviewed the billing statements and finds that the descriptions provided are adequate, but that some of the tasks were not reasonable for Defendant to claim in this matter. Specifically, Defendant claims hours expended on issues regarding a lis pendens Plaintiff attached to the real property in issue. Although related to this case, these matters were not done in furtherance of defending against Plaintiff's claims in this matter. Plaintiff sought leave from this Court to file the lis pendens (Doc. 33), and Defendant responded (Doc. 34), but the Court never granted the request for leave[6] (*see* Doc. 49 at 11). As such, only the time reasonably spent in responding to Plaintiff's Motion for Leave may be claimed. Accordingly, the Court has excised 14.6 hours, or $6,082.50 from the billing statement, for a lodestar of $31,765.00. The Court, however, finds this lodestar to be unreasonable and, upon consideration of the

---

[6] The Court denied the request as moot because Plaintiff proceeded without leave and then dismissed the lis pendens himself. (*See* Doc. 49 at 11.)

above factors, will exercise its discretion to reduce the lodestar by ten percent. *See Gonzalez v. City of Maywood*, 729 F.3d 1196, 1203 (9th Cir. 2013) ("The district court can impose a small reduction, no greater than 10 percent—a 'haircut'—based on its exercise of discretion and without a more specific explanation." (internal quotation marks omitted)). Defendant will be awarded $28,588.50 in attorney's fees.

**IT IS ORDERED** that Defendant's Motion for Attorney's Fees and Costs (Doc. 52) is **granted in part**. Defendant shall be awarded $28,588.50 in reasonable attorney's fees from Plaintiff. Defendant shall not be awarded costs.

Dated this 26th day of April, 2019.

_____
Honorable Rosemary Márquez
United States District Judge